## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| **LEGRETTA F. CHEEK** | |
| *Plaintiff,* | **Civil Action No.** 3:19 CV 00590-FDW |
| **vs.** | **TRAIL BY JURY DEMANDED** |
| **GURSTEL LAW FIRM, P.C.,** **SHANNON N. CRANE,** **WHITNEY M. JACOBSON** **JESSE VASSALLO LOPEZ** | |
| *Defendants.* | |

## ORIGINAL VERIFIED COMPLAINT FOR VIOLATION OF FDCPA

## I. NATURE OF THE ACTION

1.  This is an action for damages brought by an individual plaintiff for Defendants' violation of the Fair Debt Collection Practices Act, **15 U.S.C. § 1692** *et seq.* (FDCPA) which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.  Plaintiffs seek to recover monetary damages for Defendants' violations of the FDCPA.

## II. JURISDICTION AND VENUE

3.  This Court has jurisdiction of this matter under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5.  The Plaintiff in this lawsuit is LeGretta Ford Cheek (Cheek) a natural person who resides in Union County, North Carolina.

6.  Defendant Gurstel Law Firm, P.C. (Gurstel) is a professional corporation registered as a foreign corporation with the Arizona Corporation Commission, with place of business address located at 9320 E Raintree, Scottsdale, AZ 85260, and engaged in the business of

collection debts alleged to be due another through the use of mail and civil litigation in Arizona. As a corporation, Defendant Gurstel can act only through officers, managers, employees, and agents, and is liable for the unlawful acts of its officers, managers, employees, and agents within the scope of their authority under the doctrine of respondent superior.

7. Defendant Shannon N. Crane (Crane) is a natural person, a licensed Arizona attorney, and was an employee of Gurstel at the time of the unlawful collection activity complained of herein.

8. Defendant Whitney M. Jacobson (Jacobson) is a natural person, a licensed Arizona attorney, and was an employee of Gurstel at the time of the unlawful collection activity complained of herein.

9. Defendant Jesse Vassallo Lopez (Lopez) is a natural person, a licensed Arizona attorney, and was an employee of Gurstel at the time of the unlawful collection activity complained of herein.

10. Attorneys Gurstel, Crane, Jacobson, Lopez, are adult individuals doing business in the State of Arizona.

11. Gurstel is a consumer law firm whose attorneys regularly collect or attempt to collect debts owed or asserted to be owed or due another.

12. Ms. Cheek alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any

reference hereinafter to "Defendants", without further qualification, is meant by Ms. Cheek to refer to each Defendant name above.

## IV. FDCPA CLAIMS

13. Ms. Cheek is a "consumer" as defined by the **FDCPA 15 U.S.C. § 1692a(3).**

14. That the alleged debt that is the subject matter of Exhibit 1 is a "consumer debt" as defined by FDCPA **15 U.S.C. § 1692a(5).**

15. That Defendant Gurstel Law Firm, P.C. is a debt collector as that term is defined by the FDCPA **15 U.S.C. § 1692a(6).**

16. That Crane is a debt collector as that term is defined by the FDCPA **15 U.S.C. § 1692a(6).**

17. That Jacobson is a debt collector as that term is defined by the FDCPA **15 U.S.C. § 1692a(6).**

18. That Lopez is a debt collector as that term is defined by the FDCPA **15 U.S.C. § 1692a(6).**

19. That Exhibit 1 is a "collection communication" as that term is defined by FDCPA **15 U.S.C. § 1692a(2).**

20. That Paragraph 3 of Defendants' collection communication (Exhibit 1) contains a false statement utilized in the attempt to collect a consumer debt.

21. That Paragraph 3 of Defendants' collection communication (Exhibit 1) contains false representation and deceptive means utilized in the attempt to collect a consumer debt.

22. As a result of Defendants' violations of the FDCPA, Ms. Cheek has suffered out-of-pocket actual damages, and is therefore entitled to actual damages pursuant to **15 U.S.C. § 1692k(a)(l)** against each and every Defendant; statutory damages in an amount up to

Original Verified Complaint of Violations of the FDCPA
Case 3:19-cv-00590-FDW-DSC   Document 1   Filed 11/04/19   Page 3 of 9
Page 3 of 7

$1,000.00 pursuant to **15 U.S.C. § 1692k(a)(2)(A)** against each and every Defendant; and reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k(a)(3)** from each and every Defendant.

## V. FACTUAL ALLEGATIONS

23. Ms. Cheek is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

24. Ms. Cheek's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

25. Ms. Cheek incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

26. The alleged obligation arose from a personal credit card issued by Bank of America, N.A.

27. Ms. Cheek subsequently defaulted on the alleged Bank of America, N.A. account.

28. After the alleged default, Bank of America, N.A. hired Defendants' to bring legal action against Ms. Cheek to collect on the alleged credit card account.

29. Defendants' uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

30. That on or about December 6, 2018, Defendant Jacobson did file a Civil Complaint, case number CV2018-056884, in the Superior Court of the State of Arizona in and for the County of Maricopa on behalf of Bank of America, N.A. in an effort to collect the

alleged debt from Ms. Cheek in the incorrect venue. (See copy of complaint attached hereto and incorporated herein by reference as Ms. Cheek's Exhibit 1).

31.  Defendants' prepared and filed the complaint in the Superior Court of Arizona, which is located in Phoenix, Arizona, which is in Maricopa County.

32.  At the time the complaint was filed, Ms. Cheek did not reside within the boundaries of the Superior Court of Arizona.

33.  At the time the complaint was filed, Ms. Cheek place of abode was never in Phoenix, Arizona or within the boundaries of the Superior Court of Arizona in the County of Maricopa.

34.  At the time the complaint was filed, Ms. Cheek resided in Charlotte, North Carolina, which is in Mecklenburg County. (See copy of driver's license attached hereto and incorporated herein by reference as Ms. Cheek's Exhibit 2).

35.  On February 8, 2019, Defendants' served or caused Ms. Cheek to be personally served with the summons and complaint in Chandler, Arizona in Maricopa County where Ms. Cheek was visiting.

36.  In the complaint prepared by Defendants', it incorrectly lists Ms. Cheek's legal place of abode in Chandler, Arizona.

37.  Ms. Cheek's legal place of abode, when served was not within the precinct of the Maricopa County Justice Court, but rather lies in Western District Court of North Carolina, which is located in Mecklenburg County.

38.  Ms. Cheek did not sign the allege contract with Bank of America, N.A. within the boundaries of the Maricopa Justice Court.

39.     Defendants' filed the complaint in the wrong venue in violation of the FDCPA **15 U.S.C.**

        **§ 1692i(a)(2)(B).**

40.     As a direct result and proximate cause of Defendants' actions in violation of the FDCPA

        as outlined above, Ms. Cheek has suffered actual damages, including emotional distress

        and out of pocket expenses.

### VI. CAUSE OF ACTION

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692

41.     Ms. Cheek repeats , realleges, and incorporates by reference the foregoing paragraphs as

        though fully pleaded herein;

42.     Ms. Cheek is a consumer within the meaning of the FDCPA **15 U.S.C. § 1692a(3);**

43.     Defendants' operates as a debt collector within the meaning of FDCPA **15 U.S.C. §**

        **1692a(6);**

44.     Defendants' collections communications have violated at least the following provisions

        of the FDCPA:

        a. Violation of **15 U.S.C. § 1692i(a)(2)(B);**

        b. Violation of **15 U.S.C. § 1692(e);**

        c. Violation of **15 U.S.C. § 1692f(1);**

45.     That upon information and belief, Defendants' collection efforts have resulted in

        additional violations of the FDCPA;

46.     As a direct result and proximate cause of Defendants' actions in violation of the FDCPA,

        Ms. Cheek has suffered actual damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered in her favor and against each and every Defendant for:

   a)   An Order of this Court declaring that Defendants' practices violate the FDCPA;

   b)   Actual out-pocket-damages in an amount to be proven at trial as to each Defendant, pursuant to **15 U.S.C. § 1692k(a)(1)**;

   c)   Statutory damages $1000.00 as to each Defendant, pursuant to **15 U.S.C. § 1692k(a)(2)(A)**;

   d)   Awarding Plaintiff any attorney's fees and cost incurred in this action;

   e)   Awarding such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRAIL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as matter of law.

Dated: November 4, 2019

Respectfully Submitted,

_LeGretta Ford Cheek_
LeGretta Ford Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889

Original Verified Complaint of Violations of the FDCPA                                    Page 7 of 7

## VERIFICATION

I, LeGretta Ford Cheek, declare as follows:

1. I am a Plaintiff in the present case and a citizen of the United States of America. I am resident in the State of North Carolina in Union County.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the forgoing *Verified Complaint for Violation of the Fair Debt Practices Act (FDCPA)*, and if called on to testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself, my activities, and my intentions are true and correct. 28 U.S.C. § 1746.

Executed on November 4, 2019.

LeGretta Ford Cheek

## JURAT

I, LeGretta Ford Cheek, plaintiff and consumer being of sound mind have reviewed the verified complaint. The plaintiff knows or believes that all allegations that the plaintiff has personal knowledge of to be true and not misleading under penalties of perjury.

Executed this 4th day of November, 2019.

_LeGretta Ford Cheek_ (signature)

LeGretta Ford Cheek

Union County, North Carolina

Signed and sworn to before me this day by LeGretta Ford Cheek.

Date: _11/4/2019_

_Brian D. Green_ (signature)

Brian D. Green, Notary Public

My commission expires: _11/26/2022_

(Notary seal: BRIAN D. GREEN, NOTARY PUBLIC, UNION COUNTY, NC)