# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISIONS
# C.A. No. 3:19-cv-00590-FDW

LEGRETTA F. CHEEK,

    Plaintiff,

V.

GURSTEL LAW FIRM, P.C., SHANNON N. CRANE,
WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ,

    Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

---

### I. INTRODUCTION

Defendants Gurstel Law Firm, P.C., ("Gurstel Law Firm") Shannon N. Crane, Whitney M. Jacobson, Jesse Vassallo Lopez (collectively "Defendants") and pursuant to LCvR. 7.1 submits this Memorandum in Support of Defendants' Motion to Dismiss which is filed pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue.

### Issues in Dispute

**1. Lack of Personal Jurisdiction**

Plaintiff has sued Defendants in the State of North Carolina but Defendants are not subject to North Carolina's personal jurisdiction. Defendants have each submitted declarations, attached to this motion, attesting they do not have the required minimum

1

contacts with North Carolina. Plaintiff's Complaint does not contain any allegations which would support personal jurisdiction. It is Plaintiff's burden to establish personal jurisdiction and any allegations in the Complaint are taken as true only if they are not controverted by evidence from the defendant. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989); *See Wolf v. Richmond Cnty. Hosp. Auth.,* 745 F.2d 904, 908 (4th Cir.1984). Defendants seek complete dismissal of the Complaint pursuant to Federal rules of Civil Procedure 12(b)(2).

**2. Improper Venue**

Plaintiff has brought this lawsuit in the Western District of North Carolina, but this judicial district is an improper venue for this action. Pursuant to 28 U.S.C. § 1391, venue is only proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. Defendants have submitted declarations showing their presence in the State of Arizona, and Plaintiff's Complaint only lists events which occurred in Arizona as giving rise to her claims. Furthermore, as argued under Issue 1, Defendants are not subject to personal jurisdiction in this State. Defendants seek complete dismissal of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3).

2

Case 3:19-cv-00590-FDW-DSC   Document 16   Filed 12/23/19   Page 2 of 16

## II.  BACKGROUND FACTS

The facts relevant to this motion are based on facts alleged by Plaintiff in her Complaint, in addition to the Declarations of Norman I. Taple, on behalf of Defendant Gurstel law Firm, Defendant Jesse Vassallo Lopez, Defendant Whitney M. Jacobson and Defendant Shannon N. Crane.

Gurstel Law Firm, P.A. is a creditor rights legal practice incorporated in the State of Minnesota and has a principle place of business in the State of Minnesota. (Declaration of Norman I. Taple ("Taple Decl.") ¶ 4).  Gurstel Law Firm does not have any offices, employees or agents in the State of North Carolina. (Taple Decl. ¶¶ 5-7). Gurstel Law Firm does not conduct, and has never knowingly reached in to ever conduct, any business activities in North Carolina. (Id).  Defendants Jesse Vassallo Lopez, Defendant Whitney M. Jacobson and Defendant Shannon N. Crane (collectively "Individual Defendants") are associate attorneys employed by Gurstel Law Firm in Arizona. (*See* Doc. No. 1. ¶¶ 7-10.) (Declaration of Jesse Vassallo Lopez ("Lopez Decl.") ¶ 2) (Declaration of Whitney M. Jacobson ("Whitney Decl.") ¶ 2) (Declaration of Shannon N. Crane ("Crane Decl.") ¶ 2). The Individual Defendants reside in the State of Arizona, are licensed to practice in the State of Arizona and work in Gurstel Law Firm's Arizona office. (*See* Doc. No. 1, ¶¶ 7-10) (Lopez Decl. ¶¶ 3-4) (Whitney Decl. ¶¶ 3-4) (Crane Decl. ¶¶ 3-4).  The Individual Defendants and Gurstel Law Firm do not own, lease or rent any property in the State of North Carolina. (Id.) (Taple Decl. ¶ 5).  The Individual Defendants and Gurstel Law Firm do not have continuous or regular occurring contacts with the State of North Carolina. (Id.) (Taple Decl. ¶¶ 4-7).

One of Gurstel Law Firm's practice areas is to assist creditors with debt collection activities. (Doc. No. 1, ¶¶ 15-18) (Taple Decl. ¶ 8). Gurstel Law Firm was hired by Bank of America N.A. to collect an outstanding debt owed by Plaintiff Legretta F. Cheek ("Plaintiff") to Bank of America pursuant to a credit account agreement. (Doc. No. 1, ¶¶ 24-28) (Taple Decl. ¶ 9). At the time of debt charge off, the credit account monthly statements were sent by Bank of America to Plaintiff at 7124 W Linda Lane, Chandler, Arizona 85226 ("Plaintiff's Arizona Address"), which was her last known address as provided by Plaintiff to Bank of America as her contact address. (Taple Decl. ¶ 10). All the collection letters sent by Gurstel Law Firm to Plaintiff were delivered to Plaintiff's Arizona Address. (Taple Decl. ¶ 11) (Lopez Decl. ¶ 6, and ¶ 8, Ex. A (Gurstel Law Firm Correspondence Letter to Plaintiff)) (Whitney Decl. ¶ 6) (Crane Decl. ¶ 6).

On December 6, 2018, Gurstel Law Firm filed a lawsuit in the Superior Court of Arizona, County of Maricopa, titled Bank of America, N.A., Plaintiff, v. Legretta F. Cheek et al, Defendant ("Creditor Lawsuit"). (Doc. No. 1 ¶¶ 30-31.) (Taple Decl. ¶ 7). On December 12, 2018, Gurstel Law Firm effectuated service on Plaintiff personally at Plaintiff's Arizona Address. (Doc. No. 1 ¶ 35.) (Taple Decl. ¶ 13) (Lopez Decl. ¶ 12, Ex. E (Gurstel Law Firm Certificate of Service)). Plaintiff subsequently filed an Answer Pleading which listed Plaintiff's Arizona Address under the signature line. (Lopez Decl. ¶ 11, Ex. D (Creditor Lawsuit Answer Pleading)). At the time the Creditor Lawsuit was filed and served the Individual Defendants and Gurstel Law Firm had never reached into or contacted the Plaintiff in North Carolina to collect the Bank of America credit account debt. (Taple Decl. ¶ 14) (Lopez Decl. ¶ 7) (Whitney Decl. ¶ 8) (Crane Decl. ¶ 8).

On June 29, 2019, over five months after the Creditor Lawsuit was filed and served, Plaintiff filed with the Arizona Superior Court a change of address notice which listed her new address as 113 Indian Trail Rd, Suite 100, Indian Trail, North Carolina 28079 (the "North Carolina Address") (Lopez Decl. ¶ 9, Ex. B (Plaintiff's Change of Address Notice)). Thereafter, and in support of the Creditor Lawsuit notice requirements, Gurstel Law Firm attorney Jesse Lopez mailed to the North Carolina Address notice of motion for summary judgment and supporting documents. This mailing has been the only contact that Gurstel Law Firm or any Gurstel Law Firm attorneys had with the Plaintiff in North Carolina. (Taple Decl. ¶ 15) (Lopez Decl. ¶ 7).

### III. LEGAL STANDARD

**A. Rule 12(b)(2) Legal Standard of Review**

Under Federal Rules of Civil Procedure 12(b)(2), dismissal is proper where the Court lacks personal jurisdiction over the Defendants. A plaintiff "must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004). When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). [W]hen the court addresses a personal jurisdiction question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden is on the plaintiff to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge. *New Wellington Fin. Corp. v. Flagship Resort*

*Dev. Corp.,* 416 F.3d 290, 294 (4th Cir. 2005). The Court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). The allegations of the complaint are taken as true only if they are not controverted by evidence from the defendant. *See Wolf v. Richmond Cnty. Hosp. Auth.,* 745 F.2d 904, 908 (4th Cir.1984). Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position. *See Clark v. Remark,* 993 F.2d 228 (table), 1993 WL 134616, at *2 (4th Cir.1993); *Vision Motor Cars, Inc. v. Valor Motor Co.,* 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013).

## B. Rule 12(b)(3) Legal Standard of Review

"When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Plant Genetic Sys. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C.1996) (citing *Bartholomew v. Va. Chiropractors Ass'n,* 612 F.2d 812, 817 (4th Cir.1979)). In considering a motion to dismiss under Rule 12(b)(3) for improper venue, "the court is permitted to consider evidence outside the pleadings. A plaintiff is obliged, however, to make only a *prima facie* showing of proper venue in order to survive a motion to dismiss. In assessing whether there has been a prima facie venue showing, we view the facts in the light most favorable to the plaintiff." *Aggarao v. MOL Ship Mgmt. Co.,* 675 F.3d 355, 365–66 (4th Cir.2012) (citing *Mitrano v. Hawes,* 377 F.3d 402, 405 (4th Cir.2004).

6

## IV. ARGUMENT

### A. Dismissal is Proper Under Rule 12(b)(2) Because the Defendants Are Not Subject to Personal Jurisdiction in North Carolina.

"A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.,* 682 F.3d 292, 301 (4th Cir. 2012). Where, as here, "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause, ... the dual jurisdictional requirements collapse into a single inquiry" into whether personal jurisdiction comports with due process. *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). The due process inquiry "can be undertaken through two different approaches – by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction" based on "continuous and systematic" activities. *ALS Scan, Inc. v. Digital Serv. Consul., Inc.,* 293 F.3d 707, 711 (4th Cir. 2002).

For this Court to exercise jurisdiction over Defendants, due process requires Defendants have sufficient minimum contacts with the state of North Carolina such that personal jurisdiction over them does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Plaintiffs must establish that each defendant engaged in purposeful availment of the privilege of conducting activities within the forum state. *Fastpath, Inc. v. Arbela Techs.*

7

*Corp.,* 760 F.3d 816, 821 (8th Cir. 2014). When there are multiple defendants, the Court must assess each defendant's contacts with the forum state. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Purposeful availment means that actions by the defendants themselves must create a substantial connection with the forum state and provide "fair warning" to defendants that they may be subject to jurisdiction there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 475 (1985). The "fair warning" requirement will be met if defendants have purposefully directed their activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.,* at 472–73 (citations omitted).

### 1. Plaintiff Has Not Met Her Burden to Allege Facts in The Complaint That Support Personal Jurisdiction Over The Defendants.

A plaintiff bears the burden to state a *prima facie* case for existence of jurisdiction over the defendants. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989).

Plaintiff has not met her burden to establish that Defendants should be subject to this Court's jurisdiction. There is not a single allegation in the Complaint (even if taken as true) that supports a conclusion of personal jurisdiction. (*See* Complaint, pg. 1-7.) The Complaint does not even state that personal jurisdiction is proper. Under the heading "Jurisdiction and Venue", the Complaint cites to subject matter jurisdiction and venue but ignores personal jurisdiction. (*Id*., at pg. 3-4.) Because Plaintiff has not alleged any facts that show Defendants are domiciled in or directed activity to North Carolina, the Complaint fails as a matter of law and should be dismissed pursuant to Rule 12(b)(2).

8

Case 3:19-cv-00590-FDW-DSC   Document 16   Filed 12/23/19   Page 8 of 16

## 2. Defendants Are Not Domiciled In North Carolina And Defendants Do Not Have Minimum Contacts In North Carolina.

Plaintiff does not assert any basis for this Court's personal jurisdiction over Defendants, therefore, both general jurisdiction and specific personal jurisdiction will be addressed.

### a. Defendants are not domiciled in North Carolina and are not subject to this Court's general jurisdiction.

For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The question is whether a defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id.,* at 139.

The Individual Defendants and Gurstel Law Firm have submitted declarations attesting that they do not have property ownership, a business presence or systematic connections with North Carolina, therefore, Defendants are not subject to general jurisdiction in this State. (See (Lopez Decl. ¶¶ 3-4) (Whitney Decl. ¶¶ 3-4) (Crane Decl. ¶¶ 3-4) (Taple Decl. ¶¶ 4-7). Because the Complaint is silent on Defendant's jurisdiction, there is nothing for this Court to accept as true. *See Wolf v. Richmond Cnty. Hosp. Auth.,* 745 F.2d 904, 908 (4th Cir.1984). To counteract Defendants declarations "the plaintiff must come forward with affidavits or other evidence in support of [her] position. *See Clark v. Remark*, 993 F.2d 228 (table), 1993 WL 134616, at *2 (4th Cir.1993).

### b. Defendants do not have sufficient minimum contacts to be subject to this Court's specific jurisdiction.

"To decide whether specific jurisdiction exists, we examine (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004) (quotations omitted *Burger King Corp. v. Rudzewicz*); see, 471 U.S. 462, 474-76 (1985). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. at 284.

In this case, Plaintiff's lawsuit centers around the lawsuit in the Superior Court of Arizona, County of Maricopa, titled <u>Bank of America, N.A., Plaintiff, v. Legretta F. Cheek et al, Defendant</u> (the "Creditor Lawsuit"). (Doc. No 1 ¶¶ 30-31.) Plaintiff's Complaint alleges that Gurstel Law Firm brought the Creditor Lawsuit in an improper venue in violation of Fair Debt Collection Practices Act 15 U.S.C § 1692i(a)(2)(B). (Doc. No 1 ¶¶ 30-39.) Leading up to the filing of the lawsuit, Gurstel Law Firm did not conduct any activity directed at North Carolina; Gurstel Law Firm did not send any collection letters or mail correspondence to North Carolina; and Gurstel Law Firm did not call the Plaintiff while she was in North Carolina. (Whitney Decl. ¶¶ 8-9) (Crane Decl. ¶¶ 8-9) (Taple Decl.

¶ 6) (Lopez Decl. ¶ 7). The Gurstel Law Firm activity that is the basis of Plaintiff's lawsuit all occurred in Arizona: (1) the filing of the Creditor Lawsuit in Arizona; and (2) the service on Plaintiff at her Arizona Address. (See Doc. No 1 ¶¶ 30-35). Gurstel Law Firm's activities were not directed at North Carolina, therefore, Defendants have not subjected themselves to the reach of North Carolina's jurisdiction. The sole activity which was directed to North Carolina was the serving of the motion for summary judgment papers to Plaintiff's new North Carolina address.[1] (Taple Decl. ¶ 15) (Lopez Decl. ¶ 7). This act cannot serve as the sole basis for specific jurisdiction. For one, "plaintiffs' claims [do not] arise" out of this act. A claim for incorrect venue pursuant to 15 U.S.C § 1692i arises out of the filing of the lawsuit, not a later lawsuit related correspondence.

> Any debt collector *who brings any legal action* on a debt against any consumer shall…*bring such action only in the judicial district* or similar legal entity-- (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i (emphasis added). *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 287 (1980) (where the court found no specific jurisdiction where the conduct giving rise to the harm and the harm itself did not occur in the forum state). Furthermore, because Plaintiff changed her address mid-lawsuit, Plaintiff was the catalyst who caused

---

[1] On June 29, 2019, over five months after the Creditor Lawsuit was filed and served, Plaintiff filed with the Arizona Superior Court a change of address notice which listed her new address at 113 Indian Trail Rd, Suite 100, Indian Trail, North Carolina 28079 (the "North Carolina Address"). Thereafter, and in support of the Creditor Lawsuit notice requirements, Gurstel Law Firm attorney Jesse Lopez mailed to the North Carolina Address notice of motion for summary judgment and supporting documents. This mailing has been the only contact that Gurstel Law Firm had with the Plaintiff in North Carolina. (Taple Decl. ¶ 15) (Lopez Decl. ¶ 7).

the activity to be directed to North Carolina, not Defendants. Defendants had no choice but to send notice of motion to the address Plaintiff requested it to.

Lastly, even if this Court were to reject the above arguments, the assertion by a court of personal jurisdiction must "comport with fair play and substantial justice". *Burger King Corp.,* 471 U.S. at 476–77 (1985). To this end, courts should evaluate:

> the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Id*. When Defendants first filed the Arizona Lawsuit, they did not intend to extend their reach of personal jurisdiction past Arizona, and it was only the act from Plaintiff which caused that to occur. Furthermore, the State of North Carolina does not have a strong interest in providing a forum for this dispute since both Plaintiff (through her credit card account statements and Answer Pleading) and Defendants had listed their addressed in Arizona at the time of the events giving rise to this controversy occurred. Furthermore, the alleged wrongful acts by Defendants occurred in Arizona's borders, not North Carolina's. Thus, either under a strict jurisdictional analysis or in the interest of substantial justice, Defendants are not subject to this Court's personal jurisdiction and request complete dismissal pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## B. **Dismissal is Proper Under Rule 12(b)(3) Because the Plaintiff has Brought This Action in an Improper Venue.**

Under Federal Rule of Civil Procedure 12(b)(3) dismissal is proper where venue is improper. Pursuant to 28 U.S.C. § 1391, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391. Dismissal is proper if a case is filed in the wrong division. 28 U.S.C.§ 1406(a). In this case, and as argued above, none of the Defendants reside in North Carolina, (Lopez Decl. ¶¶ 3-4) (Whitney Decl. ¶¶ 3-4) (Crane Decl. ¶¶ 3-4) (Taple. Decl. ¶¶ 4-7), and Plaintiff's Complaint lists only Arizona activity as events giving rise to Plaintiff's lawsuit. (See Doc. No 1 ¶¶ 30-40). Therefore, both subsections 1 and 2 under § 1391 did not occur in this judicial district. The United State District Court for the District of Arizona would meet both of these requirements and Plaintiff was required to bring her lawsuit there.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss the Complaint for lack of personal jurisdiction and improper venue.

This the 23rd day of December, 2019.

>*/s/ Caren D. Enloe*
>Caren D. Enloe
>SMITH DEBNAM NARRON DRAKE
>SAINTSING & MYERS LLP
>NC State Bar No. 17394
>P.O. Box 176010
>Raleigh, NC 27619-6010
>Telephone: 919-250-2000
>Facsimile: 919-250-2124

*/s/ Andrew D. Parker*
Andrew D. Parker (#195042)
*admitted pro hac vice*
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
T: (612) 355-4100 | F: (612) 355-4104
parker@parkerdk.com

*Attorneys for Defendants Gurstel Law Firm, P.C., Shannon N. Crane, Whitney M. Jacobson, Jesse Vassallo Lopez*

# **WORD COUNT CERTIFICATION**

The undersigned certifies that the memorandum does not exceed 4,500 words of allowed text.

*/s/ Caren D. Enloe*
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124

*/s/ Andrew D. Parker*
Andrew D. Parker (#195042)
*admitted pro hac vice*
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
T: (612) 355-4100 | F: (612) 355-4104
parker@parkerdk.com

*Attorneys for Defendants Gurstel Law Firm, P.C., Shannon N. Crane, Whitney M. Jacobson, Jesse Vassallo Lopez*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I placed a copy of the foregoing in the United States Mail, first class postage prepaid addressed as follows:

LeGretta F. Cheek
113 Indian Trail Road, Suite 100
Indian Trail, NC 28079

*/s/ Andrew D. Parker*
Andrew D. Parker (#195042)
*admitted pro hac vice*
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
T: (612) 355-4100 | F: (612) 355-4104
parker@parkerdk.com

*Attorneys for Defendants Gurstel Law Firm, P.C., Shannon N. Crane, Whitney M. Jacobson, Jesse Vassallo Lopez*