Hand-Delivered

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:19-cv-00590-FDW

FILED
CHARLOTTE, NC
JAN 23 2020
US DISTRICT COURT
WESTERN DISTRICT OF NC

**LEGRETTA F. CHEEK**

**Plaintiff,**

vs.

**GURSTEL LAW FIRM, P.C., SHANNON N. CRANE, WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ,**

**Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COME NOW, Plaintiff LeGretta F. Cheek in the above –entitled and numbered cause, and files this Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss as follows:

### TABLE OF CONTENT

| | | |
|---|---|---|
| I. | INTRODUCTION……………………………………….. | **page 2** |
| II. | STATEMENT OF JUDICIALLY NOTICEABLE FACTS….. | **page 3** |
| III. | REQUEST FOR JUDICIAL NOTICE ………………….. | **page 3** |
| IV. | STANDARD OF REVIEW………………………………. | **page 4** |
| V. | ARGUMENT AND AUTHORITIES…………………….. | **page 5** |
| VI. | CONCLUSION…………………………………………… | **page 9** |

<u>NOTE</u>: Exhibits 3-6 are filed to the Court for Motion to Seal

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:19-cv-00590-FDW

**LEGRETTA F. CHEEK**

    **Plaintiff,**

vs.

**GURSTEL LAW FIRM, P.C., SHANNON N. CRANE,
WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ,**

    **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff, LeGretta F. Cheek ("**Cheek**"), and herein asks this Court to deny Defendants Gurstel Law Firm, P.C., Shannon N. Crane, Whitney M. Jacobson, and Jesse Vassallo Lopez (collectively "**Defendants**") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

The Defendants Motion to Dismiss purports to assert two causes of action against Ms. Cheek for lack of personal jurisdiction and improper venue. Ms. Cheek shall rely on the evidence, arguments and authorities set forth with this Motion.

Specifically, Defendants Motion to Dismiss is more than a blatant, honest face, smoking mirror tactic to escape liability for illegal behavior. Ms. Cheek is in fact and has been a resident in the State of North Carolina since 1980s. Ms. Cheek holds a North Carolina driver's license with an expiration date in the future. Therefore, jurisdiction and venue are proper and the issues

raised by the Defendants are meritless. For the reasons set forth below and in its opening brief, Defendants Motion to Dismiss should be **Denied**.

## II. STATEMENT OF JUDICIALLY NOTICEABLE FACTS

### A. Blatantly, Conclusionary Unsupported Statements

1. Ms. Cheek wishes to recommend that the Court thoroughly clean his glasses before reviewing this material further. I declare that I am referencing the facts stated are sworn to under penalty of perjury are unsupported and unverified which is much better known as smoking mirrors. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557, 127 S.Ct. 1955 (citing *Ashcroft v. Iqbal*, 550 U.S.)

2. The allege facts the Defendants argues in its motion to dismiss are simply statements. (Doc. No. 16, p. 3, ¶ II). They are merely unsupported opinions and/or conclusions facts that are not in evidence. They are not sworn to under oath as being true and correct by any of the Defendants. Unfortunately the Defendants appear to be well experience in the use of smoking mirrors in trying to convince the Court.

3. The conclusionary statements are not admissible as evident in the Court. They are not sworn statements of fact by any of the Defendants. A Declaration stating that they are referring to other facts means nothing. This court should look at the actual sworn testimonies provided by the Defendants and take great pause with the unsupported conclusionary statements from the Defendants.

## III. REQUEST FOR JUDICIAL NOTICE

4. Ms. Cheek respectfully requests that this Court take judicial notice of Exhibit D (Doc. No. 20, Ex. D) that is reference in the Declaration of Jesse Vassallo Lopez. These documents are judicially noticeable pursuant to Federal Rule of Evidence 201 for the reasons explained below.

5. FRE 201 gives the Court the power to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This Court may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir.2013). "A district court may clearly take judicial notice of the Declaration and Exhibits and since Defendant references the state court action in his response he clearly does not dispute its authenticity. *See Blue Tree Hotels v. Starwood Hotels & Resorts,* 369 F.3d 212, 217 (2d Cir.2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss").

## IV. STANDARD OF REVIEW

### A. Rule 12(b)(2) Legal Standard of Review

6. "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

7. A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than a mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 W. Ct. 1937,1950 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. 556.

8. If there is any legal theory in the factual allegations in Ms Cheek's complaint that entitles her to some relief, the Court should deny Defendants motion.

### B. Rule 12(b)(3) Legal Standard of Review

9. "The distinction between jurisdiction and venue is of hornbook importance and cannot be overemphasized." *Wheatley v. Phillips,* 228 F.Supp. 439, 440 (W.D.N.C.1964). "Any attempt, therefore, to shift the burden of proof to the plaintiff on this basis is without merit or authority." *Bartholomew v. Virginia Chiropractic Ass'n,* 612 F.2d 812 (4th Cir.1979). "In a Rule 12(b)(3) motion, the moving party bears the burden of proving that venue is improper." *Myers v. Am. Dental Ass'n,* 695 F.2d 716, 724-25 (3d Cir. 1982).

## V. ARGUMENT AND AUTHORITIES

10. Defendants states in its Motion to Dismiss (Doc. No. 16, p. 8, ¶1)…*"Plaintiff has not met her burden to establish that Defendants should be subject to this Court's jurisdiction. There is not a single allegation in the Complaint (even if taken as true) that supports a conclusion of personal jurisdiction. The Complaint does not even state that personal jurisdiction is proper. Under the heading "Jurisdiction and Venue", the Complaint cites to subject matter jurisdiction and venue but ignores personal jurisdiction. Because Plaintiff has not alleged any facts that show Defendants are domiciled in or directed activity to North Carolina, the Complaint fails as a matter of law and should be dismissed pursuant to Rule 12(b)(2)."*

11. While the Defendants are correct about the language in Rule 12(b)(2), it is a frivolous argument, and the missing heading for personal jurisdiction is a mere technicality.

   a. **Pro se complaints.** "The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail for lack of legal specificity." *Morrison v. Res. Mgmt. Concepts, Inc.,* 3:16-CV-651-GCM, 2017 WL 1095067, at *2 (W.D.N.C. Mar. 21, 2017) (citing *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978)).

12. As is abundantly clear Ms. Cheek has a valid North Carolina driver's license with expiration in the future and clearly stated is a proper identification as shown in attached Exhibit 3. Ms. Cheek position is also consistent with the long established principle that physical presence is the hallmark of domicile for venue purposes Domicile is a combination of two factors: the residence of the party and the intent to remain there permanently. "Domicile is acquired by residence and the animus manendi, the intent to remain." *Newton v. Commissioners*, 100 U.S. 548, 562 (1879). Accordingly, Ms. Cheek is lawfully present in the State of North Carolina, and her intent is to remain there permanently. Ms. Cheek is a long time resident of North Carolina since 1980, however has made trips to Arizona through the years, and has maintained her residence at all time in the State of North Carolina as shown in attached Exhibits 3-6. Ms. Cheek has sued Defendants in the State of North Carolina where she resides, and has been a legal resident prior to Defendants claim as shown in attached Affidavit of LeGretta F. Cheek ¶¶ 2 - 4. (Exhibits 3, 4 and 6).

13. Defendants has had proper identification in regards to Ms. Cheek identity and addressed since they received Ms. Cheek first and most assuredly after they received her most recent letter. Defendants baseless claim to dismiss for lack of personal jurisdiction should be denied.

## A. Ms. Cheek Disputes Argument on Defendants Entitlement to Dismissal Under Rule 12(b)(2) on its claims for Not Being Subject to Personal Jurisdiction in North Carolina.

14. The Defendants are making a frivolous argument because the Plaintiff filed the complaint in the State of North Carolina where her residency has been since 1980 in pursuant to 28 U.S.C.1391(c)(1).

### 1. Ms. Cheek Disputes Defendants Argument Alleging Ms. Cheek did not meet burden to allege facts in the complaint that support Personal Jurisdiction over the Defendants.

15. The Defendants are making an excuse on a mere technicality. Ms. Cheek does not concede that Defendants did not direct any activity in North Carolina. While Ms. Cheek was visiting to and from Arizona, Defendants communicated with Ms. Cheek using the mailing address "in care of"(c/o -----). Ms. Cheek used The United States Postal Service format c/o "in care of" to answer and reply to Defendants correspondences while living in her legal State of North Carolina as shown in attached Affidavit of LeGretta F. Cheek ¶ 8 and ¶ 10. (See *https://faq.usps.com/s/article/How-do-I-address-mail-In-care-of*.).

**2. Ms. Cheek Disputes Defendants Argument on Defendants Are Not Domiciled in North Carolina and Defendants Do Not Have Minimum Contacts in North Carolina.**

16. This argument is blatantly incorrect. Ms. Cheek in this lawsuit has been in North Carolina and has multiple correspondences with the Defendants through the United Stated Postal Service from her legal mailing address in North Carolina, and the visiting in address in Arizona with the in "care of address" (c/o). Ms. Cheek had responded to Defendants and in return they have communicated back. (Exhibit C).

> **a. Ms. Cheek Disputes Defendants Argument on Defendants are not domiciled in North Carolina and are not subject this Court's general jurisdiction.**

17. Ms. Cheek request the Court disregard this argument for Defendants misquoted the following case law they cited (Doc. 16; p. 9, ¶a.):

> "Because the Complaint is silent on Defendant's jurisdiction, there is nothing for this Court to accept as true. *See Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir.1984).

Corrected cited text from *Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir.1984).

> The statement in defendant's affidavit that "South Carolina residents are under no compulsion or requirement to seek . . . care from University Hospital" was not in turn controverted by statements in plaintiffs' affidavits. See *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir. 1971) (because affidavits filed pursuant to Fed.R.Civ.P. 12(d) contained contradictory factual allegations with respect to personal jurisdiction, court accepted as true for purposes of appeal, facts related in plaintiff's affidavits and complaint)."

### b. Ms. Cheek Disputes Defendants Argument on Defendants do not have sufficient minimum contacts this Court's specific jurisdiction.

18. Again, Defendants are using smoking mirrors. This argument is irrelevant since Ms. Cheek is a legal resident in the State of North Carolina as shown in attached Exhibits 3-6. Therefore, Defendants argument must be denied.

## B. Ms. Cheek Disputes Argument on Defendants for Dismissal Under Rule 12(b)(3) on its claims to Improper Venue.

19. Venue is determined when the suit is filed, not when the cause of action arose. *Tenefrancia v. Robinson Exp. & Imp. Corp.*, 921 F.2d 556, 558 n.2 (4th Cir.1990).

20. Venue in federal court is governed by statute, not by the FRCPs. *Leroy v. Great W. United Corp.* 443 U.S. 173, 183-84 (1979).

21. Venue is based on residence, not on citizenship. The residency provisions in 28 U.S.C. § 1391(c) apply to all venue statues. H.R. Rep. No. 112-10, at 20 (2011).

22.     28 U.S.C. § 1391(c)(1) is supported by its legislative history. Congress adopted the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act") to resolve a circuit split over whether "residence" has the same meaning as "domicile" as used in Section 1391. H.R. Rep. 112-10, at 20-21 (Feb. 11, 2011) (citing 15 WRIGHT & MILLER, Federal Practice and Procedure: Jurisdiction and Related Matters at 33–37 (2d. ed. 1986)).

23.     The Act clarified the venue statute by explicitly adopting the majority rule in its new provisions on residency. The House Judiciary Committee Report (the "Report") states, "1391(c)(1) would provide that, for venue purposes, a natural person would be deemed to reside in the judicial district in which that person is domiciled, thereby resolving the division of authority regarding the residence of parties by adopting the majority rule."

24.     Ms. Cheek has been a resident in the State of North Carolina, and never been a legal resident in the state of Arizona as shown in attached Affidavit of LeGretta F. Cheek ¶ 1 and ¶ 5. Therefore the venue is proper and Defendants claim should be denied.

## VI.     CONCLUSION

25.     Under *Twombly and Iqbal* Ms. Cheek has made factual and plausible claim against the Defendants as shown by the exhibit attached, which is a copy of Ms. Cheek driver's licenses showing her residency in North Carolina as shown in attached Exhibit 3. Further information can and will come to light in Discovery once that is commence to further substantiate the residency of Ms. Cheek and the interactions with the Defendants.

26.     Considering the clear facts of this case it appear that the Defendants has engaged in a very close relationship with fantasy when it states in its Motion to Dismiss *"Therefore, both subsections 1 and 2 under §1391 did not occur in this judicial district. The United States District Court for the District of Arizona would meet both requirements and these*

*requirements and Plaintiff was required to bring her lawsuit there."* (Emphasis added) (Doc. No. 16, p. 13, ¶1).

27. **28 U.S.C. § 1391(c)(1)** states:

> **(c) Residency.** --For all venue purposes--
>
> **(1)** a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled.

28. It would appear that the Defendants propensity for non-compliance with the law knows no bound as it would have this court to believe that its erecting of road blocks in the form of its augments from any mandated requirement of § 1391 which support Ms. Cheek residency in the State of North Carolina where this Complaint is filed as shown in attached Affidavit of LeGretta F. Cheek ¶¶ 2-5. (Exhibits 3-5).

29. If a North Carolina resident goes to California to visit family or friends, or take a vacation, that does not constitute an individual becoming a resident of California. Anymore than this resident visiting Arizona, means that she became a resident of Arizona as shown in LeGretta F. Cheek Affidavit ¶ 8 and ¶ 9. To that end, the Defendants now ask the court to dismiss Ms. Cheek's clearly pleaded and plainly stated case. Its motion should be denied.

**WHEREFORE,** because Defendants has failed to make any factual arguments for dismissal before the Honorable Court, Ms. Cheek respectfully requests the Court DENY Defendants Motion to Dismiss, and allow Ms. Cheek's claim to move forward to trail on the merits. Should the Court find that Ms. Cheek has failed to state a claim, that this court grant her leave to file an Amended Complaint to correct any deficiencies identified by the Court in its order.

This is the 22nd day of January, 2020.

Respectfully Submitted,

*/s/ LeGretta F. Cheek*
LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
Plaintiff *pro se*

## WORD COUNT CERTIFICATION

The undersigned certifies that the memorandum does not exceed 4,500 words of allowed text.

Respectfully Submitted,

*/s/ LeGretta F. Cheek*
LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
Plaintiff *pro se*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:19-cv-00590-FDW

FILED
CHARLOTTE, NC

JAN 23 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

**LEGRETTA F. CHEEK**

Plaintiff,

vs.

**GURSTEL LAW FIRM, P.C., SHANNON N. CRANE, WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ,**

Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that I placed a copy of the following documents in the United States Postal Service Mail, first class postage paid:

1. Memorandum of Law In Support of Plaintiff's Opposition to Defendants' Motion to Dismiss;
2. Affidavit of LeGretta F. Cheek;
3. Affidavit of Personal Knowledge Brian Green;
4. Affidavit of Personal Knowledge Gladys Wilson-Howard;
5. Certificate of Service by U.S.P.S. Mail.

Addressed to the following parties:

Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
P.O. Box 176010
Raleigh, NC 27619-6010

Andrew D. Parker
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401

Dated: January 22, 2020

Respectfully Submitted,

*LeGretta F. Cheek*

LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com