UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00590-FDW-DSC

| | |
|---|---|
| LEGRETTA F. CHEEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER and NOTICE |
| GURSTEL LAW FIRM, P.C., SHANNON ) | |
| N. CRANE, WHITNEY M. JACOBSON, ) | |
| and JESSE VASSALLO LOPEZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court *sua sponte* following the filling of Defendants' Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. No. 15). Defendants contend the Court lacks personal jurisdiction over them and that venue is improper, thereby asserting Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure provide for dismissal of the case. Id. at 1-2.

In accordance with the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court hereby notifies Plaintiff, who appears *pro se*, of her right to respond to Defendants' motion to dismiss and the burden of proof she carries in responding.[1] The Court also advises Plaintiff that failure to respond may result in dismissal of the complaint.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 n.1 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant

1

**Fed. R. Civ. P. 12(b)(2)**

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2), contending this Court lacks personal jurisdiction over them. The issue of personal jurisdiction is to be resolved by a judge, with the burden on the plaintiff to show beyond a preponderance of the evidence, that the court has justification for exercising jurisdiction. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). In sum, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Id.

**Fed. R. Civ. Pro. 12(b)(3)**

Defendants also argue the complaint must be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. Plaintiff is hereby advised that in accordance with Rule 12(b)(3), a court may dismiss a complaint for improper venue or transfer venue to a court where it could have been brought. 28 U.S.C. § 1406(a). Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Further, Plaintiff is advised that when considering a motion to dismiss for improper venue, a court must accept the facts alleged in the Complaint as true and must draw all reasonable inferences in the plaintiff's favor. Micromuse, Inc. v. Aprisma Mgmt. Techs., Inc., 2005 WL 1241924, *2 (S.D.N.Y. May 24, 2005).

---

moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

### Deadline to Respond

Plaintiff is advised that she has **until February 7, 2020** to file an amended response and any supporting exhibits, affidavits, or sworn statements, to Defendants' motion in light of the above standards. Plaintiff should <u>not</u> refile any materials already submitted to the Court, and her response must be properly served on Defendants and include a certificate of service indicating the manner in which Plaintiff served Defendants. Defendants shall have seven (7) days after the filing of any amended response by Plaintiff to submit a final reply. **<u>Plaintiff's failure to respond to Defendants' Motion to Dismiss may result in Defendants being granted the relief they seek, that is dismissal of the complaint</u>**. If, on the other hand, Plaintiff is satisfied that her response already meets the above criteria, she may choose to leave her previously filed response (Doc. No. 23) as it is.

**IT IS THEREFORE ORDERED** that Plaintiff shall respond to Defendants' Motion to Dismiss (Doc. No. 15) **on or before February 7, 2020.** Failure to file a timely and persuasive response in accordance with the principles explained above could lead to the dismissal of Plaintiff's lawsuit against Defendant. The Clerk is respectfully DIRECTED to send a copy of this Order and Notice to Plaintiff's address of record.

Signed: January 24, 2020

Frank D. Whitney
Chief United States District Judge