Hand-Delivered

FILED
CHARLOTTE, NC

FEB 05 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:19-cv-00590-FDW-DSC

LEGRETTA F. CHEEK

    Plaintiff,

vs.

GURSTEL LAW FIRM, P.C., SHANNON N. CRANE,
WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ,

    Defendants.

## AMENDED RESPONSE OF MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**NOW COME** the Plaintiff LeGretta F. Cheek in the above – entitled and numbered cause, and files this Amended Response of Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss for lack of personal jurisdiction and improper venue as follows:

| | | |
|---|---|---|
| I. | INTRODUCTION…………………………………………… | page 2 |
| II. | STATEMENT OF JUDICIALLY NOTICEABLE FACTS….. | page 3 |
| III. | REQUEST FOR JUDICIAL NOTICE ………………………… | page 3 |
| IV. | STANDARD OF REVIEW BURDEN OF PROOF …… …… | page 4 |
| V. | ARGUMENT AND AUTHORITIES………………………… | page 5 |
| VI. | CONCLUSION……………………………………………… | page 9 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:19-cv-00590-FDW-DSC

LEGRETTA F. CHEEK

    Plaintiff,

vs.

GURSTEL LAW FIRM, P.C., SHANNON N. CRANE,
WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ,

    Defendants.

**PLAINTIFF'S AMENDED RESPONSE FOR MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff, LeGretta F. Cheek ("**Cheek**"), and herein asks this Court to deny Defendants Gurstel Law Firm, P.C., Shannon N. Crane, Whitney M. Jacobson, and Jesse Vassallo Lopez (collectively "**Defendants**") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

The Defendants Motion to Dismiss purports to assert two causes of action against Ms. Cheek for lack of personal jurisdiction and improper venue. Ms. Cheek shall rely on the evidence, arguments and authorities set forth with this Motion.

Specially, Defendants Motion to Dismiss is more than a blatant, honest face, smoking mirror tactic to escape liability for illegal behavior. Ms. Cheek is in fact and has been a resident in the State of North Carolina since the 1980s. Ms. Cheek holds a North Carolina driver's license with an expiration date in the future. Therefore, jurisdiction and venue are proper and the issues raised by the Defendants are meritless. For the reasons set forth below and in its opening brief, Defendants Motion to Dismiss should be **Denied**.

## II. STATEMENT OF JUDICIALLY NOTICEABLE FACTS

### A. Blatantly, Conclusionary Unsupported Statements

1. Ms. Cheek wishes to recommend that the Court thoroughly clean his glasses before reviewing this material further. I declare that I am referencing the facts stated are sworn to under penalty of perjury are unsupported and unverified which is much better known as smoking mirrors. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557, 127 S.Ct. 1955 (citing *Ashcroft v. Iqbal*, 550 U.S.)

2. The allege facts the Defendants argues in its motion to dismiss are simply statements. (Doc. No. 16, p. 3, ¶ II). They are merely unsupported opinions and/or conclusions facts that are not in evidence. They are not sworn to under oath as being true and correct by any of the Defendants. Unfortunately the Defendants appear to be well experience in the use of smoking mirrors in trying to convince the Court.

3. The conclusionary statements are not admissible as evident in the Court. They are not sworn statements of fact by any of the Defendants. A Declaration stating that they are referring to other facts means nothing. This court should look at the actual sworn testimonies provided by the Defendants and take great pause with the unsupported conclusionary statements from the Defendants.

## III. REQUEST FOR JUDICIAL NOTICE

4. Ms. Cheek respectfully requests that this Court take judicial notice of Exhibit D (Doc. No. 20, Ex. D) that is reference in the Declaration of Jesse Vassallo Lopez. This document is judicially noticeable pursuant to Federal Rule of Evidence 201 for the reasons noted in Exhibit D Defendant's Answer – and -- Affirmative Defense to Plaintiff's Complaint.

5. "Federal Rule of Evidence 201 allows courts to "judicially notice a fact that is not subject to reasonable dispute because it is generally known . . . or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of public records such as court documents. *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Canady v. Pender Cty. Health Dep't*, No. 7:15-CV-17-D, 2016 WL 927180, at *3 (E.D.N.C. Mar. 4, 2016); see *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (citations omitted))." *Natural Immunogenics Corp. V. Newport Trial Group*, Dist. Court, WD North Carolina 2018.

## IV. STANDARD OF REVIEW BURDEN OF PROOF

6. "When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst Of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)). However, when the Court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff is only required to establish a prima facie case for the exercise of personal jurisdiction. Id. (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (emphasizing standard of review when personal jurisdiction inquiry is limited to the allegations within the complaint, motions, and legal memoranda)). In determining whether a plaintiff has made the requisite showing, the Court must construe all relevant facts in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for

the existence of jurisdiction. *Combs*, 886 F.2d at 676; *Carefirst*, 334 F.3d at 396 (citing *Mylan Labs.*, 2 F.3d at 60).

7.  The standard is essentially the same with respect to Defendants motion to dismiss for lack of venue pursuant to Rule 12(b)(3). Plaintiff need only make a prima facie showing of venue. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). Similarly, the Court must view the facts as presented by Plaintiff, and draw all reasonable inferences in Plaintiff's favor. *Godfredson v. JBC Legal Group, P.C.*, 387 F.Supp.2d 543, 547 (E.D.N.C. 2005).

## V. ARGUMENT AND AUTHORITIES

8.  Defendants case is not distinguishable on the facts or on the law from the case cited in *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). In reality *Combs*, 886 F.2d at 676 is the opposite. In fact, the final ruling for *Combs* is:

> "Here, having first concluded that no cognizable […] claim had been sufficiently pleaded, the district court then opined that as to the remaining pendent state-law claims personal jurisdiction could only be grounded in state jurisdiction statutes and turned to that as the only question now before it on defendants' Rule 12(b)(2) challenges. On that question the court then determined, for reasons to which we will return, that jurisdiction as to the remaining pendent state-law claims could not be grounded in any of the state long-arm provisions specifically urged by plaintiffs, and on that basis dismissed those claims.
>
> For reasons to which we will now turn, we think that the court's dismissal of the
>
> [886 F.2d 676]
>
> state-law claims for lack of personal jurisdiction was premature and must for that reason be vacated." Id.

9. As the argument, Defendants advances here were directly addressed and rejected in *Combs*, and as the factual allegations and legal issues presented here are not distinguishable from those in *Combs*. Ms. Cheek recommends that Defendants claims be dismissed on the same basis.

10. Defendants cite *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). *"It is Plaintiff's burden to establish personal jurisdiction and any allegations in the Complaint are taken as true only if they are not controverted by evidence from the defendant."* (Doc. No. 16, p. 2).

11. The second time, Defendants cite *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) *"When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant."* (Doc. No. 16, p. 5, ¶ III A.).

12. The third time, Defendants cite *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989), *"The Court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."* (Doc. No. 16, p. 6).

13. Here the fourth time, Defendants cite case law that is not analogous, and not relevant to the issue at hand. Defendants cite *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989), *"A plaintiff bears the burden to state a prima facie case for existence of jurisdiction over the defendants.* (Doc. No. 16, p. 8 ¶ 1). In truth, *Combs v. Bakker* cites' "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge."

14. As is abundantly clear Ms. Cheek's has a valid North Carolina driver's license with expiration in the future and clearly stated is a proper identification as shown in attached Exhibit 3. Ms. Cheek's position is also consistent with the long established principle that physical presence is

the hallmark of domicile for venue purposes. Domicile is a combination of two factors: the residence of the party and the intent to remain there permanently. "Domicile is acquired by residence and the animus manendi, the intent to remain." *Newton v. Commissioners*, 100 U.S. 548, 562 (1879).

Accordingly, Ms. Cheek is lawfully present in the State of North Carolina, and her intent is to remain there permanently. Ms. Cheek is a long time resident of North Carolina since 1980, however has made trips to Arizona through the years, and has maintained her residence at all time in the State of North Carolina as shown in attached Exhibits 3-6.

15. Ms. Cheek has sued Defendants in the State of North Carolina where she resides, and has been a legal resident prior to Defendants claim as shown in attached Affidavit of LeGretta F. Cheek ¶¶ 2 - 4. (Exhibits 3, 4 and 6).

### A. Ms. Cheek Disputes Argument on Defendants Entitlement to Dismissal Under Rule 12(b)(2) on its claims for Not Being Subject to Personal Jurisdiction in North Carolina.

16. The Defendants are making a frivolous argument because the Plaintiff filed the complaint in the State of North Carolina were her residency has been since 1980 in pursuant to **28 U.S.C.1391(c)(1)**.

17. "Personal jurisdiction of federal courts of course may be grounded in state long-arm (or other) jurisdiction statutes." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

#### 1. Ms. Cheek Disputes Defendants Argument Alleging Ms. Cheek Did Not Meet The Burden To The Alleged Facts In The Complaint That Support Personal Jurisdiction Over The Defendants.

18. The Defendants are making an excuse on a mere technicality. Ms. Cheek does not concede that Defendants did not direct any activity in North Carolina. While Ms. Cheek was

visiting to and from Arizona, Defendants communicated with Ms. Cheek using the mailing address "in care of"(c/o -----). Ms. Cheek used The United States Postal Service format c/o "in care of" to answer and reply to Defendants correspondences while living in her legal State of North Carolina as shown in attached Affidavit of LeGretta F. Cheek ¶ 8 and ¶ 10. (See *https://faq.usps.com/s/article/How-do-I-address-mail-In-care-of.*).

### 2. Ms. Cheek Disputes Defendants Argument on Defendants Are Not Domiciled in North Carolina and Defendants Do Not Have Minimum Contacts in North Carolina.

19. This argument is blatantly incorrect. Ms. Cheek in this lawsuit has been in North Carolina and has multiple correspondences with the Defendants through the United States Postal Service from her legal mailing address in North Carolina, and the visiting address in Arizona with the in "care of address" (c/o). Ms. Cheek had responded to Defendants and in return they have communicated back. (Exhibit C).

20. Defendants has had proper identification in regards to Ms. Cheek identity and addressed since they received Ms. Cheek first and most assuredly after they received her most recent letter. Defendants baseless claim to dismiss for lack of personal jurisdiction should be denied.

### a. Ms. Cheek Disputes Defendants Argument on Defendants are not domiciled in North Carolina and are not subject this Court's general jurisdiction.

21. Defendants cite *Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir.1984), *"Because the Complaint is silent on Defendant's jurisdiction, there is nothing for this Court to accept as true."* (Doc. 16; p. 9, ¶ 2 a.). In reality *Wolf v. Richmond* is not related to the claims

and argument made in this case. It is not distinguishable in any way related to the arguments made.

**Correctly cited text** from *Wolf v. Richmond Cnty. Hosp. Auth.,* 745 F.2d 904, 908 (4th Cir.1984);

> The statement in defendant's affidavit that "South Carolina residents are under no compulsion or requirement to seek . . . care from University Hospital" was not in turn controverted by statements in plaintiffs' affidavits. See O'Hare International *Bank v. Hampton*, 437 F.2d 1173 (7th Cir. 1971) (because affidavits filed pursuant to Fed.R.Civ.P. 12(d) contained contradictory factual allegations with respect to personal jurisdiction, court accepted as true for purposes of appeal, facts related in plaintiff's affidavits and complaint)."

**b. Ms. Cheek Disputes Defendants Argument on Defendants do not have sufficient minimum contacts this Court's specific jurisdiction.**

22. Again, Defendants are using smoking mirrors. This argument is irrelevant since Ms. Cheek is a legal resident in the State of North Carolina is attached to Exhibits 3-6. Therefore, Defendants argument must be denied.

**B. Ms. Cheek Disputes Argument on Defendants for Dismissal Under Rule 12(b)(3) on its claims to Improper Venue.**

23. Venue is determined when the suit is filed, not when the cause of action arose. *Tenefrancia v. Robinson Exp. & Imp. Corp.,* 921 F.2d 556, 558 n.2 (4th Cir.1990).

24. Venue in federal court is governed by statute, not by the FRCPs. *Leroy v. Great W. United Corp.* 443 U.S. 173, 183-84 (1979).

25. Venue is based on residence, not on citizenship. The residency provisions in **28 U.S.C. § 1391(c)** apply to all venue statues. H.R. Rep. No. 112-10, at 20 (2011).

26. **28 U.S.C. § 1391(c)(1)** is supported by its legislative history. Congress adopted the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act") to resolve a circuit split over whether "residence" has the same meaning as "domicile" as used in Section 1391. H.R. Rep. 112-10, at 20-21 (Feb. 11, 2011) (citing 15 WRIGHT & MILLER, Federal Practice and Procedure: Jurisdiction and Related Matters at 33–37 (2d. ed. 1986)).

The Act clarified the venue statute by explicitly adopting the majority rule in its new provisions on residency. The House Judiciary Committee Report (the "Report") states, "1391(c)(1) would provide that, for venue purposes, a natural person would be deemed to reside in the judicial district in which that person is domiciled, thereby resolving the division of authority regarding the residence of parties by adopting the majority rule."

27. Ms. Cheek has been a resident in the State of North Carolina, and never been a legal resident in the state of Arizona as shown in attached Affidavit of LeGretta F. Cheek ¶ 1 and ¶ 5. Therefore the venue is proper and Defendants claim should be denied.

## VI. CONCLUSION

28. Under *Twombly and Iqbal*, Ms. Cheek has made factual and plausible claim against the Defendants as shown by the attached Exhibits and Affidavits. Further information can and will come to light in Discovery once that is commenced to further substantiate the legal residency of Ms. Cheek and the interactions with the Defendants.

29. Considering the clear facts of this case it appear that the Defendants has engaged in a very close relationship with fantasy when it states in its Motion to Dismiss **"*Therefore, both subsections 1 and 2 under §1391 did not occur in this judicial district. The United States District Court for the District of Arizona would meet both requirements and these requirements and Plaintiff was required to bring her lawsuit there.*"** (Emphasis added) (Doc. No. 16, p. 13, ¶1).

30. **28 U.S.C. § 1391(c)(1)** states:

> **(c) Residency.** --For all venue purposes--
>
> **(1)** a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled.

31. It would appear that the Defendants propensity for non-compliance with the law knows no bound as it would have this court to believe that its erecting of road blocks in the form of its arguments from any mandated requirement of § 1391, which support Ms. Cheek residency in the State of North Carolina where this Complaint is filed as shown in attached Affidavit of LeGretta F. Cheek ¶¶ 2-5. (Exhibits 3-5).

32. If a North Carolina resident goes to California to visit family or friends, or take a vacation, that does not constitute an individual becoming a resident of California. Anymore than this resident visiting Arizona, means that she became a resident of Arizona as shown in LeGretta F. Cheek Affidavit ¶ 8 and ¶ 9.

33. With the burden, Ms. Cheek has shown prima facie of proven existence of statutory grounds with motion papers, supporting legal memoranda, relevant allegations in the Complaint,

affidavits, exhibits, and sufficient evidence in creating a challenge sufficiently well-pleaded to survive the Defendants jurisdictional challenge.

34. To that end, the Defendants now ask the court to dismiss Ms. Cheek's clearly pleaded and plainly stated case. Its motion should be denied.

**WHEREFORE,** because Defendants has failed to make any factual arguments for dismissal before the Honorable Court, Ms. Cheek respectfully requests the Court DENY Defendants Motion to Dismiss, and allow Ms. Cheek's claim to move forward to trail on the merits. Should the Court find that Ms. Cheek has failed to state a claim, that this court grant her leave to file an Amended Complaint to correct any deficiencies identified by the Court in its order.

This is the 5th day of February, 2020.

Respectfully Submitted,

*LeGretta F. Cheek*
LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
Plaintiff *pro se*

## WORD COUNT CERTIFICATION

Ms. Cheek certifies that the amended response memorandum does not exceed 4,500 words of allowed text.

Respectfully Submitted,

*LeGretta F. Cheek* (signature)

LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
Plaintiff *pro se*

Hand-Delivered

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:19-cv-00590-FDW-DSC

FILED
CHARLOTTE, NC

FEB 05 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

LEGRETTA F. CHEEK

    Plaintiff,

vs.

GURSTEL LAW FIRM, P.C., SHANNON N. CRANE,
WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ,

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2020, I placed a copy of the Amended Response of Memorandum of Law In Support Of Plaintiff's Opposition to Defendants' Motion to Dismiss in the United States mail, first class postage prepaid addressed as follows:

Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
P.O. Box 176010
Raleigh, NC 27619-6010

Andrew D. Parker
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401

Respectfully Submitted,

*LeGretta F. Cheek* (signature)

LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com