UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00590-FDW-DSC

| | |
|---|---|
| LEGRETTA F. CHEEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GURSTEL LAW FIRM, P.C., ) | ORDER |
| SHANNON N. CRANE, WHITNEY M. ) | |
| JACOBSON, and JESSE VASSALLO ) | |
| LOPEZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 15). Plaintiff timely filed a pro se Memorandum in Opposition (Doc. No. 23), and the Court, in a Roseboro Order (Doc. No. 26), advised Plaintiff of her right to respond to Defendants' Motions and the burden of proof she carried in so responding. Accordingly, Plaintiff filed a pro se Amended Response (Doc. No. 28), and Defendants filed a Notice of intent not to file a reply (Doc. No. 29). The issue is now ripe for review. For the reasons below, Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 15) is GRANTED.

**I. BACKGROUND**

On November 4, 2019, pro se Plaintiff Legretta F. Cheek filed her Complaint (Doc. No. 1) against Defendants Gurstel Law Firm, P.C. ("Gurstel"), Shannon N. Crane, Whitney M. Jacobson, and Jesse Vassallo Lopez ("Individual Defendants"). In her Complaint, Plaintiff asserts Defendants, in attempting to collect a debt that arose when Plaintiff allegedly defaulted on a Bank of America, N.A. credit card, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et*

1

*seq.* ("FDCPA"). See generally (Doc. No. 1).  Plaintiff claims Defendants' collection communications and civil complaint No. CV2018-056884, filed in Arizona on behalf of Bank of America, N.A., contained false representations and utilized deceptive means in attempt to collect an alleged consumer debt. Id. at 4-6.  In support of her claim, Plaintiff seems to assert Defendants' filing of the Complaint in Arizona was improper, and thus, constituted a false representation and deceptive means of collecting a debt in violation of the FDCPA.  Id.  Plaintiff states throughout the Complaint (Doc. No. 1, p. 1) and her Amended Response (Doc. No. 28, p. 5-10) that she is a resident of North Carolina.

Defendants filed a Motion to Dismiss for Lack of Jurisdiction (Doc. No. 15).  In response, Plaintiff filed a pro se Memorandum in Opposition (Doc. No. 23) and an Affidavit supporting her Memorandum (Doc. No. 25).  The Court, in accordance with the principles under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), further advised Plaintiff of her right to respond to Defendants' Motion and the burden of proof she carried in so responding.  (Doc. No. 26). Thereafter, Plaintiff filed an Amended Response (Doc. No. 28), and Defendants filed a notice of intent not to file a reply (Doc. No. 29).

## II. DISCUSSION

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)).  At the same time, however, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

2

## A. PERSONAL JURISDICTION

### 1. Standard of Review

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissal is proper where the court lacks personal jurisdiction over the defendants. The issue of personal jurisdiction is to be resolved by a judge, with the burden on the plaintiff to show beyond a preponderance of the evidence that the court has justification for exercising jurisdiction. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). In sum, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Id.

### 2. Analysis

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2), contending the Court lacks personal jurisdiction over them. In support of their Motion, Defendants argue Plaintiff failed to allege facts in her Complaint that support personal jurisdiction over them. (Doc. No. 16, p. 8). Defendants further assert they are not subject to general personal jurisdiction in North Carolina as none of the Defendants are domiciled in the state. (Doc. No. 16, p. 9). In addition, Defendants claim they do not have sufficient minimum contacts with North Carolina to be subject to specific personal jurisdiction. (Doc. No. 6, p. 10).

When determining whether its exercise of personal jurisdiction over a given defendant is proper, the court engages in a two-part inquiry. The first, or statutory, part requires that the assertion of personal jurisdiction have a basis under the forum state's (here, North Carolina) long-arm statute; the second, or constitutional, part requires that the exercise of personal jurisdiction comply with the due process requirements of the Fourteenth Amendment. Christian Sci. Bd. of

3

Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Courts have historically construed North Carolina's long-arm statute to be coextensive with the Due Process Clause. Id. This construction collapses the statutory and constitutional requirements into a single inquiry whether the non-resident defendant has such "minimum contacts" with the forum state that exercising jurisdiction over it does not offend "traditional notions of fair play and substantial justice." Id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Jurisdiction over a defendant may be either general or specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8, 9 (1984). A court may exercise general personal jurisdiction over defendants who have "continuous and systematic" contacts with the forum state, regardless of where the relevant conduct occurs. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n. 15 (4th Cir. 2009). In contrast, specific personal jurisdiction "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." Id. "A court may exercise specific jurisdiction '[w]hen the cause of action arises out of the defendant's contacts with the forum.'" Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005) (alteration in original) (quoting Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory", 283 F.3d 208, 213 (4th Cir. 2002)). Although the contacts which give rise to personal jurisdiction can be relatively minimal, it is also true that casual, isolated, random, or fortuitous actions are insufficient for a court to exercise personal jurisdiction over a non-resident defendant. CFA Inst., 551 F.3d at 293.

Despite the Court's Roseboro Notice informing Plaintiff of her burden in responding to Defendants' Motion, Plaintiff completely fails to allege any facts which would make a prima facie

4

showing of a sufficient jurisdictional basis over Defendants in this Court. In her Complaint, Plaintiff claims this Court has jurisdiction over this matter under 15 U.S.C. § 1692k(d)[1] and 28 U.S.C. § 1331.[2] (Doc. No. 1, p. 1). Plaintiff misconstrues theses federal statutes. Although Plaintiff is correct that federal district courts have original jurisdiction of suits arising under the FDCPA, a "law of the United States," and the Court would have subject matter jurisdiction over this matter, Plaintiff fails to understand her suit must be brought in an *appropriate* district court. Pursuant to the Federal Rules of Civil Procedure, a district court is not appropriate if it lacks jurisdiction over the defendants. See Fed. R. Civ. P. 12(b)(2). In contrast, Plaintiff seems to mistakenly believe an appropriate district court is one in which the *Plaintiff* is subject to personal jurisdiction. E.g., (Doc. No. 28, p. 6-7).

Based on Plaintiff's Complaint and Defendants' declarations, Defendants have not subjected themselves to the reach of North Carolina's jurisdiction. The Individual Defendants and Defendant Gurstel have submitted declarations affirming they do not have property ownership, a business presence, or systematic connection with North Carolina. (Doc. Nos. 17, 18, 19, 20). Accordingly, they are not subject to general personal jurisdiction in North Carolina. Likewise, here, the entirety of Plaintiff's Complaint focuses on Defendants' actions that took place in Arizona. See generally (Doc. No. 1). As such, Defendants' actions were not directed at North Carolina and Defendants are not subject to specific personal jurisdiction in North Carolina. The lone contact any Defendants have had with North Carolina occurred when Lopez, in support of the

---

[1] 15 U.S.C. § 1692k(d) states, "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).
[2] 28 U.S.C. § 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

requirements of the ongoing Arizona lawsuit, mailed to Plaintiff's North Carolina address the notice of motion for summary judgment and supporting documents—over five months after the Arizona lawsuit began, and only after Plaintiff filed with the Arizona Superior Court a change of address notice. (Doc. No. 20, p. 3, ¶ 7). Such conduct is insufficient to meet the requirements of personal jurisdiction as it is attenuated and fortuitous—the only reason why Defendants ultimately mailed documents to North Carolina is so they could comply with the requirements of an ongoing lawsuit in Arizona against a party that, for the first five months of that suit, lived in Arizona. Id.; see also CFA Inst., 551 F.3d at 293.

For the reasons stated above, Plaintiff has failed to meet her burden under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and Defendants are not subject to personal jurisdiction in this Court.

B. VENUE

Because the Court lacks personal jurisdiction over Defendants, it does not reach the issue of whether venue is proper pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

Defendants' Motion to Dismiss (Doc. No. 15) is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE. Plaintiff is free to re-file her complaint within thirty (30) days of this Order.

The Clerk is respectfully DIRECTED to send a copy of this Order to Plaintiff's address of record.

IT IS SO ORDERED.

Signed: July 14, 2020

Frank D. Whitney
United States District Judge