**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISIONS**
**C.A. No. 3:19-cv-00590-FDW**

LEGRETTA F. CHEEK,

Plaintiff,

V.

GURSTEL LAW FIRM, P.C., SHANNON N. CRANE,
WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ,

Defendants.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN AND MOTION TO TRANSFER**

---

## INTRODUCTION

Defendants Gurstel Law Firm, P.C., ("Gurstel Law Firm") Shannon N. Crane, Whitney M. Jacobson, Jesse Vassallo Lopez (collectively "Defendants") submit this Response in Opposition to Plaintiff's Motion to Reopen (Doc. No. 33) and Motion to Transfer (Doc. No. 34).

## I. ARGUMENT

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steampship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in

"situations involving extraordinary circumstances." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted).

Defendants are not subject to personal jurisdiction in North Carolina and should not be forced to respond to any further motions in this North Carolina Court. Plaintiff does not provide any substantive reason why this Court should reopen a lawsuit after it was already dismissed for lack of jurisdiction, in effect, forcing Defendants to further litigate in a forum in which they should never have been sued at in the first place. This Court can no longer entertain a lawsuit in which all the defendant parties lack personal jurisdiction.

Additionally, Plaintiff's cites to no precedent that a motion to transfer venue under 28 U.S.C.A. § 1404, is sufficient to meet the "situations involving extraordinary circumstances" required under Federal Rule of Civil Procedure 60(b)(6). In fact, § 1404(a) is for the "convenience of parties", a far cry from the requirement for extraordinary circumstance required under Rule 60.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court deny Plaintiff's Motion to Transfer and Motion to Reopen in their entirety.

This the 14th day of August, 2020.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000

2

Case 3:19-cv-00590-FDW-DSC   Document 35   Filed 08/14/20   Page 2 of 5

Facsimile: 919-250-2124

*/s/ Andrew D. Parker*
Andrew D. Parker (#195042)
*admitted pro hac vice*
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
T: (612) 355-4100 | F: (612) 355-4104
parker@parkerdk.com

*Attorneys for Defendants Gurstel Law Firm, P.C., Shannon N. Crane, Whitney M. Jacobson, Jesse Vassallo Lopez*

3

## WORD COUNT CERTIFICATION

The undersigned certifies that the memorandum does not exceed 4,500 words of allowed text.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124

/s/ Andrew D. Parker
Andrew D. Parker (#195042)
*admitted pro hac vice*
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
T: (612) 355-4100 | F: (612) 355-4104
parker@parkerdk.com

*Attorneys for Defendants Gurstel Law Firm, P.C., Shannon N. Crane, Whitney M. Jacobson, Jesse Vassallo Lopez*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I placed a copy of the foregoing in the United States Mail, first class postage prepaid addressed as follows:

LeGretta F. Cheek
113 Indian Trail Road, Suite 100
Indian Trail, NC 28079

/s/ *Caren D. Enloe*
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124